## McELWEE v. KENNEDY.

APPEAL—DISBURSEMENTS—POINTS AND AUTHORITIES.—No exact rule can be laid down as to how much should be printed under Supreme Court Rule IX. in "points and authorities," and taxed as disbursements, and under facts showing here brief of forty-six pages is allowed. MR. CHIEF JUSTICE McIVER *dissents.*

Before BUCHANAN, J., York, November, 1899. Affirmed.

Appeal by plaintiff from order on Circuit confirming taxing by the clerk as a disbursement for printing "points and authorities" on former appeal in Margaret A. McElwee against Eliza J. Kennedy *et al.*

*Messrs. Witherspoon & Spencers* and *J. L. Brice,* for appellants.   The former cite: Code, 326; 48 S. C., 494; 45 S. C., 89.

*Mr. Wm. B. McCaw,* contra.

March 1, 1900.   The opinion of the Court was delivered by

Mr. Justice Jones   This is an appeal from an order of the Circuit Court confirming the taxation by the clerk of an item of $39.10 as a disbursement for printing "points and authorities" for respondents on the former appeal in this case.   Appellant alleges error in allowing this as a necessary disbursement, when the argument itself showed that it contained much more than the "points" required by the rules of the Supreme Court to be printed.   The printed matter amounted to forty-six pages.   The clerk, in his order allowing the disbursement, said: "The printed matter was placed in my hands, and I find it quite a lengthy paper, but it is almost impossible for me to differentiate between 'points and authorities' and extended argument, as I do not feel able to say whether the argument is an extended one or not." Judge Buchanan, in confirming the clerk's taxation, said: "The spirit of the rules and statutes was not to restrict the respondent or appellant to a mere skeleton statement of the propositions of law and fact relied upon, with a citation of authorities, but a full statement of each proposition of law and facts relied upon, together with a citation of authorities in support thereof, is permissible thereunder, such as is necessary to put the Court in possession of the case before it. Measured by this standard, the respondents are entitled to recover as a necessary disbursement the amount paid by

them or their attorney for printing the 'points and authorities' for said respondents." Code, sec. 326, authorizes the clerk to insert in the judgment as a disbursement, "the expense of printing the papers for any hearing where required by a rule of the Court." The rules of Court, except as provided in sec. 343 of the Code of Civil Procedure, require the printing of points and authorities. *Finley* v. *Cudd,* 45 S. C., 88. Rule IX. provides what the points referred to in Rule VIII. shall contain, viz: (1) "a brief statement of the nature of the action and defenses, and the nature of the question brought up by appeal;" (2) "and shall set forth the propositions of law and fact relied on;" (3) "and a note of the authorities;" (4) "and reference by folio to the evidence when an examination of the evidence is necessary." From the nature of the case and practical difficulties in the way of applying any exact or mathematical rule of measurement some liberality must be indulged in determining whether the printed matter comes within the rule above. The power to make clear and brief statement is not a very common possession, and there is great difficulty in fixing a standard. As the Circuit Court said, the rule permits a "full statement of each proposition of law and fact relied upon," which may include a statement of the reasons therefor. A "note of authorities" is not necessarily limited to a mere reference to book and page or section, or to case, volume and page, but may fairly include a brief statement of the point decided, or a brief quotation therefrom, showing the principle decided or stated. And since, under the Constitution of 1895, this Court in equity cases on proper exceptions is required to consider the evidence with a view to ascertain whether the preponderance is against the finding of the Circuit Court, we do not see why the attorney in stating his propositions of fact and reasons therefor may not make a summary of what each witness testifies with reference to the folios, where it may be found in detail. There was no evidence before the clerk of the Circuit Court pointing out wherein the printed matter in question violated the foregoing statement of the

22—59

general rules governing, beyond a presentation of the printed matter itself, which contains forty-six pages. Appellant does not specify wherein the printed matter violates the rule, and this Court upon examination cannot say with certainty what, if any, portion of such printing expense should have been disallowed, as in violation of the foregoing rule.

The judgment of the Circuit Court is affirmed.

Mr. Justice Pope *concurs in result.*

Mr. Chief Justice McIver, *dissenting.* I cannot concur in the conclusion reached by Mr. Justice Jones in this case, and will proceed to state briefly the grounds of my dissent. Sec. 326 of the Code expressly provides what shall be inserted by the clerk in a judgment as costs and disbursements of the prevailing party, amongst which is the "expense of printing the papers for any hearing *when required by a rule of the Court*" (italics mine). This, so far as I am informed, is the only authority for the allowance of the expense of printing any paper. When, therefore, a question arises as to whether a party is entitled to an allowance for the expense of printing a given paper, the controlling inquiry is whether such paper is one of those required to be printed by any rule of Court. If it is, then the charge must be allowed; but if it is not, then it must be disallowed. In this case, the paper for the printing of which the charge objected to is claimed, is called "points and authorities," and the practical inquiry is whether the paper in question can be properly so designated, for it is conceded that the rules of this Court do require that the points and authorities shall be printed except in cases provided for by sec. 343 of the Code, which does not apply to this case. So that the inquiry is narrowed down to the question whether the paper charged for can properly be regarded as "points and authorities." Rule IX. shows very clearly what such a paper should contain, viz: 1st, "a brief statement of the nature of the action

and defenses; 2d, the nature of the questions brought up by appeal; 3d, the propositions of law and fact relied on; 4th, a note of the authorities and references by folio to the evidence, when an examination of the evidence is necessary." The very object of the rule is to ensure brevity as far as is consistent with clearness. It certainly does not require an argument *in extenso*. It does not require, as the Circuit Judge says, "*A full* statement of each proposition of law and fact relied upon." On the contrary, the requirement in the rule is *a "brief statement,"* and I cannot think that such statement would include "a statement of the reasons" upon which such propositions are founded, as that would be argument and not a mere statement of the points relied upon. Nor do I think that the rule can be properly construed as authorizing quotations from authorities cited, as the language of the rule is, "*a note* of the authorities," which it seems to me necessarily implies a mere citation by reference to the book, volume and page, where the points relied on can be found. So, also, I am unable to concur in the idea that the rule either contemplates or requires that counsel, in stating his propositions of fact, shall add thereto "a summary of what each witness testifies," for the language of the rule is that counsel shall make "reference *by folio* to the evidence," which *shows not* that counsel may make "a summary of what each witness testifies," but shall merely refer to the folio at which the testimony he relies upon may be found. It seems to me that a bare inspection of the paper in question in this case is quite sufficient to show that it is not such a paper as is contemplated by the rule of Court and required to be printed. It is nothing but an argument *in extenso*, which is not required to be printed and, therefore, cannot be charged for. I may add, that I have never yet seen a case and am unable to conceive of one in which forty-six printed pages should be necessary to set forth the "points and authorities" contemplated by the rules of this Court. For these reasons, thus briefly indicated, I cannot concur in the conclusion reached in the leading opinion."